900 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William COBB, Plaintiff-Appellant,
v.
UNISON TRANSFORMER SERVICES, INCORPORATED, a Delaware
Corporation, Defendant-Appellee.
 No. 89-1520.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 8, 1990.
Decided: March 30, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-88-1404-2)
 Andrew Apostile Raptis, Charleston, W.Va., for appellant.
 Charles M. Surber, Jr., Jackson & Kelly, Charleston, W.Va., for appellee.
 Albert F. Sebok, Jackson & Kelly, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Cobb appeals from the district court's grant of summary judgment in favor of Unison Transformer Services, Inc. Cobb asserts that there were disputed issues of fact as to whether Unison acted fraudulently in arranging for his discharge.
 
 
 2
 We disagree. Under West Virginia law, in order to prevail on a claim of fraud on a promissory misrepresentation, a plaintiff must show that at the time the misrepresentation was made the defendant did not intend to abide by the promise. See Janssen v. Carolina Lumber Co., 73 S.E.2d 12 (W.Va.1952). Cobb presented no evidence that Unison was not being truthful in its promise to reassign Cobb to light-duty work until he recovered from his injury. All the evidence points to the fact that Unison only reached its decision to fire Cobb when he failed to perform his job properly.
 
 
 3
 Furthermore, Cobb has failed to demonstrate any damages. While he asserts in his complaint that he relied to his detriment on Unison's representation by not filing for workers' compensation until after he was fired, he was not damaged by the delay. He was still awarded workers' compensation through October 1987. While employed by Unison, he was paid his full wages and was paid for all medical care. If he had received workers' compensation during this time, he would only have received an amount equal to 70% of his wages.
 
 
 4
 Finding no merit in Cobb's contentions, we affirm the judgment of the district court.